IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:22-cv-01159-SHM-tmp |
| | ) |
| VICTOR HUDDLESTON, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE; GRANTING LEAVE TO AMEND; ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF; AND DIRECTING CLERK TO MODIFY THE DOCKET**

On July 27, 2022, Plaintiff Michael Williams, Tennessee Department of Corrections ("TDOC") number 530100, filed a *pro se* complaint pursuant to 42 U.S.C. §§ 1983 (the "Complaint") and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Williams filed the Complaint, he was incarcerated at the Whiteville Correctional Facility (the "WCF") in Whiteville, Tennessee. On July 28, 2022, the Court granted Williams's application to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee. (ECF No. 4.)

Williams's Complaint is before the Court.

The Complaint is based on incidents that occurred on or around June 3, 2022, when Williams was stabbed by his cellmate. (*See* ECF No. 1.) The Complaint is liberally construed to assert Eighth Amendment claims of: 1) failure to protect and 2) retaliation. Williams names two Defendants: 1) Victor Huddleston, WCF Captain; and 2) Antonio Durham, Williams's cellmate. (*Id.* at PageID 1, 4.) Williams does not allege the capacity in which he sues either Defendant. (*See*

ECF No. 1.)  Williams seeks: 1) monetary damages for his injuries, fear, mental anguish, post-traumatic stress, pain, and suffering; and 2) Huddleston's termination.  (ECF No. 1 at PageID 5.)

For the reasons explained below, the Court: (1) DISMISSES the Complaint WITHOUT PREJUDICE for failure to state a claim to relief (ECF No. 1); and (2) GRANTS leave to amend the Complaint.

## I. BACKGROUND

Williams alleges he told WCF officers Love and Stephens that his cellmate Durham had ejaculated on Williams, and Durham was then moved to another unit.  (ECF No. 1 at PageID 4.)  Despite this incident, Huddleston moved Durham back to Williams's cell.  (*Id.*)  Williams alleges that Huddleston acted in retaliation for Williams's prior assault on WCF staff.  (*Id.*)

On June 3, 2022, Durham stabbed and cut Williams with a razorblade on his arms, face, and back.  (*Id.*)  Williams alleges that Huddleston "caused my assault."  (*Id.*)  Williams provides no further details.  (*See* ECF No. 1.)

## II. SCREENING

### A. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual

allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM

Williams sues under 42 U.S.C. § 1983. (*See* ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

#### A. § 1983 Claims

##### 1. Huddleston

Williams does not allege whether he sues Huddleston in his official or individual capacity. The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). Williams's claim against Huddleston is construed as a claim against Huddleston in his official capacity.

Williams's official capacity claim against Huddleston is construed as a claim against Huddleston's employer – CoreCivic. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). CoreCivic is a private company that manages the WCF, which houses inmates in the custody of the Tennessee Department of Correction (the "TDOC").[1] *See, e.g., Glenn v. Walker*, No. 21-1013, 2021 WL 4269474, at *2 (W.D. Tenn. Sept. 20, 2021); *Talley v. McKinney*, No. 20-1118, 2021 WL 1254681, at *3 n.2 (W.D. Tenn. Apr. 5, 2021). The Clerk is DIRECTED to add CoreCivic as a Defendant.

"A private corporation that performs the traditional state function of operating a prison acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private

---

[1] *See* https://www.tn.gov/correction/state-prisons/state-prison-list/whiteville-correctional-facility.html ("managed by CoreCivic, a private corrections management firm.") (last accessed Dec. 3, 2024).

4

corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CoreCivic "cannot be held liable under a theory of *respondeat superior.*" *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Williams "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* Williams does not identify or describe any policy or custom of CoreCivic, much less an unconstitutional policy or custom of CoreCivic pursuant to which Huddleston acted to deprive Williams of his constitutional rights. (*See* ECF No. 1 at PageID 4.) Williams has failed to state a claim against Huddleston, in his official capacity, or CoreCivic.

### 2. Durham

Williams sues Durham, his cellmate and attacker. Under § 1983 a plaintiff cannot "sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Only individuals whose actions are "fairly attributable to the State" may be sued under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). "The inmate Defendants are not state actors merely because they are in TDOC custody, and [plaintiff] does not allege how their actions can otherwise be attributed to the state." *Damron v. Hardeman Cty. Corr. Facility*, 2021 U.S. Dist. LEXIS 51147, *9-10. Williams fails to state a claim for relief against Durham.

For the reasons explained above, Williams does not allege facts stating a claim to relief against CoreCivic, Durham, or against Huddleston in Huddleston's official capacity. Williams's claims against them are DISMISSED WITHOUT PREJUDICE.

    **B.**    <u>**Application for Injunctive Relief**</u>

To the extent Williams's request for Huddleston's termination from employment is a request for injunctive relief, that request fails. (*See* ECF No. 1 at PageID 5.) Because Williams is no longer at WCF, his request for injunctive relief is moot.[2] *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison and prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

For the reasons explained above, Williams's request for injunctive relief against the Defendants is DENIED AS MOOT.

**IV.**    <u>**AMENDMENT UNDER THE PLRA**</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a

---

[2] TDOC Felony Offender Information Website lists Williams's supervision status as inactive with a release date of Jan. 11, 2024. *See* https://foil.app.tn.gov/foil/search.jsp (last accessed Dec. 3, 2024.)

6

deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the Complaint under the conditions set forth below.

V. **CONCLUSION**

For the reasons set forth above:

    A. The Clerk is DIRECTED to add CoreCivic as a Defendant;

    B. The Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

    C. Leave to amend the claims dismissed without prejudice is GRANTED. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Williams's claims. An amended complaint supersedes the Complaint and must be complete in itself without reference to the prior pleadings. Williams or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts

alleged in the Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Williams fails to file an amended complaint within the time specified, the Court will dismiss the Complaint with prejudice and enter judgment. For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g);

D. Williams's request for injunctive relief is DENIED AS MOOT; and

E. Williams is ORDERED to notify the Court immediately, in writing, of his current address. If Williams fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED, this _3rd_ day of December 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE